[No. 27111.   Department One.   August 29, 1938.]

THE STATE OF WASHINGTON, *Respondent*, v.
TOM GARRETT, *Appellant*.[1]

*Ralph L. J. Armstrong*, for appellant.

*Smith Troy, E. A. Philbrick*, and *J. S. Lynch, Jr.*, for respondent.

MAIN, J.—The defendant was charged by information with the crimes of burglary in the second degree

[1]Reported in 82 P. (2d) 567.

and grand larceny. The trial resulted in a verdict of guilty. Motion was made in arrest of judgment and, in the alternative, for a new trial, both of which motions were overruled. From the judgment and sentence entered, the defendant appeals.

The only assignment of error relates to whether the evidence was sufficient to take the case to the jury. In determining this question, it will be necessary to consider the evidence offered by the state, and we are not now concerned with the evidence offered by the defendant, which, of course, differs from that of the state.

On the night of August 23, 1937, or the early morning of the following day, the Chambers packing plant, located in Thurston county and a few miles from the city of Olympia, was burglarized, and a quantity of casings, which were of the value of approximately four hundred fifty dollars, were stolen. These casings are made from the intestines of sheep and hogs, and, while valuable to those knowing what they are, they would appear to the average person to be worthless. One witness referred to these casings as "sausage casings."

On the morning of August 23, 1937, the appellant and one Koski visited the plant, looking for employment in the casing department. Both men had been casing workers, and the appellant had been a jobber, in a small way, for casings, in Portland, Oregon. The evidence is entirely circumstantial, and the facts supplied thereby must be consistent with the appellant's guilt and exclude every other reasonable hypothesis. During the time these two men were at the plant of the Chambers Packing Company, they had opportunity to observe its surroundings and its interior arrangement. On the evening of that day, about seven or eight o'clock, they were seen walking on the highway in the

direction of the plant. The plant, as the footprints showed the following day, had been approached over an obscure trail from the rear, which means of approach could only be known to one who was familiar with the premises. The building was entered through a door after a window glass had been broken and the bolt released. Sometime later, the casings stolen, or a part of them, were sold by the appellant to markets in Vancouver, this state, and Portland, Oregon, at prices very much lower than were ordinarily obtained in the trade.

Subsequently, the appellant was arrested, and at the time of his arrest denied that he had been in Olympia, but later, admitted his presence there, giving a reason for his first statement which is not here material. At the time of his arrest, the back cushion of his automobile was out, and there was salt sprinkled about similar to that in which casings are packed. There was also in the automobile a wooden instrument for measuring sheep casings. The casings which the appellant sold were identified as those which had been taken from the Chambers packing plant.

The facts stated, which are supported by the evidence, in addition to another minor circumstance, justified the jury, under the rule above stated, in finding the appellant guilty, as charged.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.